UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

     v.                              Civil No. 06-cv-100-JD

HemCon, Inc.


PROCEDURAL ORDER


     Both Marine Polymer Technologies, Inc. and HemCon, Inc. have
filed motions for summary judgment on infringement.  Their
motions demonstrate that another issue of claim construction must
be addressed before considering the motions for summary judgment.

     Previously, the parties filed memoranda on claim
construction for the disputed terms "biocompatible poly-ß-1→4-N-
acetylglucosamine and biocompatible poly-ß-1→4-glucosamine."  A
Markman hearing was held on March 27, 2008.  HemCon argued that
the disputed terms included limitations of microalgae sources, a
determined range of the number of monsaccharides, and a molecular
weight.  Marine Polymer focused on the meaning of
"biocompatible."

     The primary dispute for claim construction was whether the
'245 patent was limited to material made from microalgae, as
HemCon urged.  HemCon argued that the correct meaning of the
disputed terms was:

the species of material harvested from plant microalgae
(microalgae, e.g., diatoms, are living aquatic
organisms that capture light energy through
photosynthesis, using it to convert inorganic
substances into organic matter), and more particularly
a species of microalgae that is free of protein,
substantially free of other organic contaminants,
substantially free of inorganic contaminants, has about
4,000 to about 150,000 N-acetylglucosamine
monosaccharides covalently attached in a ß-1→4
conformation, and a minimum weight of 800,000 daltons
[for poly-ß-1→4-N-acetylglucosamine and 640,000 daltons
for poly-ß-1→4-glucosamine].

Although HemCon included the requirement that the material be

free of protein, it focused on the microalgal source rather than

the level of contaminants.  The disputed terms were construed to

mean: polymers with their stated compositions (poly-ß-1→4-N-

acetylglucosamine and poly-ß-1→4-glucosamine) and with low

variability, high purity, and no detectable biological reactivity

as determined by biocompatibility tests.

    For purposes of summary judgment, HemCon argues that its

products contain detectable amounts of protein and, therefore, do

not meet the "high purity" standard for "biocompatible poly-ß-

1→4-N-acetylglucosamine and biocompatible poly-ß-1→4-

glucosamine."  The meaning of "high purity" was not disputed or

further defined as part of the claim construction process.  While

HemCon included the protein limitation in its proposed

construction, without any developed argument, Marine Polymer

mentioned in passing that another patent in the family of fifteen

patents related to the '245 patent claims p-GlcNAc that is free of protein.

HemCon now contends, for purposes of summary judgment, that detectable protein in its accused products precludes infringement.  Infringement analysis is a two-step process that, first, requires a determination of the meaning and scope of the asserted claims and, second, requires a comparison of the properly construed claims to the accused device.  Monsanto Co. v. Syngenta Seeds, Inc., 503 F.3d 1352, 1356 (Fed. Cir. 2007). Therefore, before addressing the summary judgment motions on infringement, the court must determine whether the p-GlcNAc of the asserted claims in the '245 patent includes a limitation that the claimed invention must be free of protein.  See '245 patent, col. 9, ll. 40-55.

<u>Conclusion</u>

The parties shall file claim construction memoranda on the issue of whether the asserted claims include a limitation that the p-GlcNAc of the invention must be free of detectable protein contaminants.  The court will determine, based on the briefs, whether a Markman hearing is necessary.  Because of the time necessary to address the claim construction issue, and, depending on the result, the need to supplement or refile the motions for

3

summary judgment, the trial in this case currently scheduled for the period beginning on July 21, 2009, will be continued to a date to be determined after claim construction has been resolved.

Both parties shall file claim construction memoranda **on or before May 1, 2009.**  If appropriate, each party may file a response **on or before May 15, 2009.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 26, 2009

cc:  Julie M. Baher, Esquire
     Daniel R. Johnson, Esquire
     Joseph A. Kromholz, Esquire
     Richard B. McNamara, Esquire
     Lynda Q. Nguyen, Esquire
     Brian M. Poissant, Esquire
     Daniel D. Ryan, Esquire
     Ognian V. Shentov, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire