UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

   v.                                  Civil No. 06-cv-100-JD

HemCon, Inc.


O R D E R

HemCon, Inc. filed a motion to continue the trial, which was scheduled to begin on March 16, 2010, to accommodate mediation. Because of the proximity of the trial date and pretrial deadlines, the court held a telephone conference on February 3, 2010.


I. Trial Schedule

After discussing the mediation issue with counsel, the court determined that a brief continuance of the trial would be granted to permit mediation.  The trial is rescheduled as follows:

    April 14, 2010, jury selection begins at 9:30 a.m.

    April 19, 2010, evidence begins at 9:30 a.m.

Counsel anticipate that the trial will take three to five days.

II.  Pretrial Materials and Schedule

The final pretrial conference will be held on April 7, 2010, at a time that will be set by the court, with notice to counsel.

In conjunction with filing pretrial materials, counsel are ordered to undertake certain actions and prepare certain documents as hereinafter set forth, all of which will be subject to court review and approval.  The court expects counsel to engage in good faith efforts to agree on these matters, and in the event that there is disagreement, the court expects those disagreements to be few in number and narrowly focused.

A.  Counsel shall agree on a glossary of technical terms that will be referred to during the trial.  This glossary should include both patent law terminology and the basic terminology of the invention.  Copies of the glossary will be provided to each juror at the outset of the trial.

B.  Counsel shall agree upon charts that set forth the claims at issue with respect to each patent, along with any relevant claim construction statements.  These charts, which will be marked as exhibits, shall be of sufficient size so that during

the trial they can be referred to by counsel and easily read by the jury. The charts shall also be made available on 8-1/2" x 11" paper for inclusion in juror notebooks.

    C. In lieu of separate requests for jury instructions under LR 16.2(b)(1), counsel shall agree on preliminary jury instructions that will be given to the jury both orally and in writing as an overview of the case. The overview must include an explanation of the nature of the case, the issues that have been resolved, and the issues that will be presented to the jury. The preliminary jury instruction shall be filed as a separate document.

    D. Also in lieu of separate requests for final jury instructions, counsel shall use their best efforts to agree on a set of jury instructions and on the order in which those instructions will be given. The court expects counsel to keep any disagreements to a minimum. With respect to any particular instruction or part thereof about which there is a disagreement, counsel shall present plaintiff's requested version first, followed immediately by the defendant's requested version.

Instructions shall convey the law in a neutral manner, and counsel shall not request instructions that are argumentative in nature. The jury instructions shall be filed as a separate document.

E. It is likely that this case may require special interrogatories and/or verdicts. Counsel shall agree on a form of special interrogatories and/or verdicts to be submitted to the jury. Counsel are expected to keep their disagreements to a minimum and in the event there are disagreements, counsel shall present their alternative proposals - plaintiff's proposal first, followed immediately by the defendant's proposal. The special interrogatories or verdict form shall be filed as a separate document.

F. It is important that a clear and concise statement of the claims be made in order to provide the jury, the court, and counsel with a "roadmap" of this case. Therefore, in addition to the brief statement of the case that will be included in the parties' final pretrial statements pursuant to LR 16.2(a)(1), the parties shall each file a written declarative statement (i.e.

non-argumentative) in outline form, specifying in detail each of its claims or counterclaims that will be presented at trial.  The written declarative statements shall be filed as separate documents.

    G.  In preparing their pretrial statements, counsel are reminded that Local Rule 16.2(a)(5) requires a party to identify separately those exhibits which the party expects to offer and those which the party may offer if the need arises.  In compiling their exhibit lists, counsel should keep in mind that the court may require them to provide each juror and the court with exhibit books, and therefore it behooves counsel to focus on those exhibits that are key to their cases rather than to inundate the jury and the court with numerous exhibits whose evidentiary value may be marginal at best.

Conclusion and Deadlines

    For the foregoing reasons, the defendant's motion for a continuance (doc. no. 173) is granted to the extent that jury selection is rescheduled to **April 14, 2010, at 9:30 a.m.,** and evidence shall begin on **April 19, 2010, at 9:30 a.m.**

Pretrial materials are due on **March 16, 2010,** and any objections, including objections to motions in limine, are due on **March 26, 2010.**

Counsel shall file with the court the glossary (paragraph A), the 8.5 x 11 paper versions of the charts (paragraph B), the preliminary jury instructions (paragraph C), final jury instructions (paragraph D), the special interrogatories or verdict form (paragraph E), and the statements of claims or counterclaims (paragraph F).  The documents required in this order shall be filed as separate documents and shall be filed at the time when the final pretrial statements and other LR 16.2 pretrial filings are due, **on or before March 16, 2010.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 4, 2010

cc:   Julie M. Baher, Esquire
      Garet K. Galster, Esquire
      Daniel R. Johnson, Esquire
      Heather E. Krans, Esquire
      Joseph A. Kromholz, Esquire
      Lynda Q. Nguyen, Esquire
      Brian M. Poissant, Esquire
      Daniel D. Ryan, Esquire
      Ognian V. Shentov, Esquire
      Jonathan M. Shirley, Esquire
      Daniel E. Will, Esquire
      Leigh S. Willey, Esquire