```
          UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Marine Polymer Technologies, Inc.

    v.                                Civil No. 06-cv-100-JD
                                        Opinion No. 2010 DNH 025

HemCon, Inc.

## O R D E R

HemCon, Inc. moves to reopen discovery in this case for thirty days to allow it time to address an FDA submission, which Marine Polymer Technologies, Inc. recently produced to supplement its discovery disclosures, and a statement in Vascular Solutions, Inc. v. Marine Polymer Technologies, Inc., 590 F.3d 56 (1st Cir. 2009), pertaining to sales of a Marine Polymer product. HemCon argues that Marine Polymer failed to disclose the FDA submission in a timely manner and failed to disclose testimony given in the Vascular Solutions litigation. Marine Polymer objects, contending that the discovery HemCon seeks was previously available and is irrelevant.

## Discussion

HemCon asserts that on December 11, 2009, Marine Polymer made a supplemental discovery production, disclosing a document submitted to the FDA and titled "Substantial Equivalence

Comparison Chart and Labeling of Predicate Devices," which discloses information that HemCon contends is pertinent to its invalidity counterclaims and to its inequitable conduct defense. HemCon also asserts that when the First Circuit's decision in the Vascular Solutions case was issued on December 23, 2009, it realized that case included pertinent information about damages in this case, contrary to the representations Marine Polymer had made about the subject of that litigation.  HemCon asks that discovery be reopened for thirty days to allow it to depose Marine Polymer's witnesses on the subjects of the scope and content of prior art, Marine Polymer's knowledge of the prior art, and the market share and the effects of non-infringing competitors' products.

In support of its motion, HemCon relies on the court's discretion in controlling pretrial matters, including discovery, rather than the sanctions available under Federal Rule of Civil Procedure 37.[1]  See Fusco v. Gen. Motors Corp., 11 F.3d 259, 267

---

[1] HemCon also warns that "when a lower court's discovery order results in manifest injustice, a court of appeals will intervene," citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989).  In Mack, the First Circuit explained that on appeal, discovery orders are subject to the abuse of discretion standard so that the appeals court "will intervene in [discovery] matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party."  To the extent HemCon intends to suggest that

(1st Cir. 1993).  "Federal trial courts enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery."  <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 54 (1st Cir. 2008).  In exercising its discretion, a court considers any extenuating circumstances and the sufficiency of the time that was allowed for discovery, whether the party seeking additional discovery demonstrates "relevant leads" that would result from reopening discovery, and whether additional discovery would delay the proceedings.  <u>Id.</u> at 55.

A. <u>Comparison Chart Submitted to the FDA</u>

   HemCon states that based on the recently disclosed Comparison Chart, it discovered a European patent that is prior art to the '245 patent.  The referenced patent relates to "Wound surface-covering sheets" made of a combination of collagen and chitin.[2]  HemCon represents:

---

the First Circuit would review a discovery ruling on an interlocutory basis, <u>Mack</u> does not appear to support that theory.  The Federal Circuit reviews discovery issues for an abuse of discretion under the governing law of the regional circuit.  <u>Autogenomics, Inc. v. Oxford Gene Tech. Ltd.</u>, 566 F.3d 1012, 1021 (Fed. Cir. 2009).

   [2]Although HemCon refers to a European <u>patent</u>, the document it submitted to support its motion is a "European Patent Application."

> This information would have inevitably led to further depositions of Marine Polymer's witnesses regarding the scope and content of the prior art, Marine Polymer's knowledge of material prior art not disclosed to the United States Patent and Trademark Office ("PTO"), and Marine Polymer's intent with regard to the failure to disclose material prior art to the PTO during prosecution of the '245 patent.

HemCon contends that at the least, the Comparison Chart would have added to the prior art referenced in its motion for summary judgment on the issue of patent invalidity.[3]

Marine Polymer asserts that the European patent was publicly available and could have been found through a word search of prior art. In addition, Marine Polymer contends that the European patent does not affect the validity of the '245 patent because it does not disclose biocompatible p-GlcNAc, biocompatibility testing of p-GlcNAc, or other properties of the '245 patent claims. Marine Polymer represents that the invention the European patent discloses, "a sterile chitin collagen bandage with no adhesion for accomplishing rapid cure of wounds," is merely cumulative to other references HemCon raised in support of its motion for summary judgment on invalidity.

Trial is scheduled to begin in this case in the middle of April, after having been rescheduled several times. Most

---

[3] HemCon does not explain how the Comparison Chart led to the discovery of the European patent.

recently the date was delayed for a month, in response to HemCon's motion, to accommodate mediation.  Reopening discovery would require a further delay in the trial schedule.  Given the age of the case and the disposition of the infringement claims, substantial justification is necessary to support a further delay in the trial schedule.

    HemCon's argument in support of reopening discovery to address the European patent it discovered through the Comparison Chart is vague at best.  HemCon does not explain what prior art the European patent reveals that was unknown before the Comparison Chart was disclosed, what knowledge of prior art it wishes to explore, or what prior art was not disclosed to the PTO.[4]  HemCon's vague references to inevitable further depositions do not support its request sufficiently to justify reopening discovery at this late stage in the litigation.

## B. Vascular Solutions Case

    HemCon also contends that although Marine Polymer disclosed the Vascular Solutions litigation, HemCon was misled about the

---

[4]To the extent HemCon suggests that Marine Polymer's substantial equivalence representation to the FDA is significant to infringement or patent invalidity, it has not demonstrated that to be the case.  See, e.g., CardioVention, Inc. v. Medtronic, Inc., 483 F. Supp. 2d 830, 840 (D. Minn. 2007).

subject matter.  Specifically, HemCon argues that Marine Polymer represented that the <u>Vascular Solutions</u> case was simply a trade defamation case and did not disclose that the case also involved information about competing products and market share, which HemCon asserts is pertinent to damages in this case.  Marine Polymer responds that the <u>Vascular Solutions</u> case was public and that HemCon knew that Marine Polymer and Vascular Solutions made competing products, which was a subject at the deposition of Marine Polymer's witness, John Vournakis, in May of 2007.

    HemCon's claim of being misled is not persuasive.  The <u>Vascular Solutions</u> case was filed in the District of Massachusetts on October 17, 2005, 05-cv-12092-RWZ.  Information about the case has been publicly available through the electronic docket since that time.  The amended complaint alleges claims of business defamation, product disparagement, unfair competition, and intentional interference with business relationships.  Given the breadth of the claims, HemCon would have been well-advised to keep abreast of the issues and decisions in that case.  Therefore, HemCon's theory that it did not realize the scope of the case until the First Circuit issued its decision in December of 2009, is not a persuasive ground for reopening discovery.

Conclusion

For the foregoing reasons, the defendant's motion for discovery (document no. 176) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 16, 2010

cc:   Julie M. Baher, Esquire
      Garet K. Galster, Esquire
      Daniel R. Johnson, Esquire
      Heather E. Krans, Esquire
      Joseph A. Kromholz, Esquire
      Lynda Q. Nguyen, Esquire
      Brian M. Poissant, Esquire
      Daniel D. Ryan, Esquire
      Ognian V. Shentov, Esquire
      Jonathan M. Shirley, Esquire
      Daniel E. Will, Esquire
      Leigh S. Willey, Esquire