UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Marine Polymer, Inc.</u>


     v.                         Civil No. 06-cv-100-JD
                                     Opinion No. 2010 DNH 026

<u>HemCon, Inc.</u>


O R D E R


      HemCon, Inc. filed an assented-to motion to file a reply to
Marine Polymer, Inc.'s objection to HemCon's motion for discovery
at the same time that the court issued its order denying the
motion for discovery.  HemCon filed its motion within the time
allowed to provide notice of an intent to file a motion for leave
to file a reply, which was extended by the holiday, on Monday,
February 15.  <u>See</u> LR 7.1(e)(2).  Because of the proximity of
pretrial deadlines, the court issued the order on the motion
without waiting the last few hours of the time allowed for
notice.  Therefore, the motion for leave is granted, and the
court will reconsider the order in light of HemCon's reply.[1]

_____

     [1]Because a motion for leave to file a surreply would only be
granted in extraordinary circumstances, the court will not wait
the additional time allocated for that procedure.  <u>See</u> LR
7.1(e)(3).

I.  <u>Vascular Solutions Case</u>

In the order denying HemCon's motion for discovery, the court concluded that HemCon's argument that it had been misled about the subjects of litigation in <u>Vascular Solutions, Inc. v. Marine Polymer Techs., Inc.</u>, 590 F.3d 56 (1st Cir. 2009), was not persuasive and did not provide a basis for reopening discovery. HemCon contends in its reply that the public filings in <u>Vascular Solutions</u> did not provide notice of the parties' exchange of evidence pertaining to market share and suitable noninfringing substitute products in that case.  HemCon also argues that although the <u>Vascular Solutions</u> case was mentioned in a deposition in this case, that inquiry did not uncover evidence of market share and substitute products.

HemCon reiterates in its reply that it had propounded interrogatories to Marine Polymer asking for documents concerning any evaluation of market share of chitin or chitosan products and "documents concerning any civil action or proceeding based in whole or in part on any chitin product or chitosan product manufactured, advertised, or sold by [Marine Polymer]."  HemCon believes that Marine Polymer failed to produce documents from the <u>Vascular Solutions</u> case that are within the documents requested by HemCon's interrogatories in this case.

As the court noted in the order denying HemCon's discovery motion, HemCon does not seek sanctions for discovery abuses under Federal Rule of Civil Procedure 37(c).  Instead, HemCon asked the court to exercise its discretion to allow additional discovery related to the <u>Vascular Solutions</u> case and a submission Marine Polymer made to the FDA.

Federal Rule of Civil Procedure 26(e) remains in effect and requires Marine Polymer to supplement its disclosures.  If Marine Polymer has materials from the <u>Vascular Solutions</u> case that are responsive to HemCon's interrogatories, those documents must be disclosed immediately.  HemCon has not shown, however, that additional discovery is necessary, which would require another delay in the trial schedule.

II.  <u>FDA Submission</u>

In support of its motion for additional discovery, HemCon asserted that Marine Polymer's recent disclosure of its submission to the FDA of a comparison of its SYVEK product to a collagen product was untimely and had led to HemCon's discovery of a related European patent.  HemCon argued that the information about the European patent "would have inevitably led to further depositions" regarding the scope and content of prior art, Marine Polymer's knowledge of prior art, and Marine Polymer's intent in

3

not disclosing material prior art.  The court concluded that
HemCon's vague references to inevitable further depositions was
insufficient to justify reopening discovery at this late stage of
the case.

In its reply, HemCon argues that Marine Polymer's defense,
that the European patent claiming a bandage for the rapid cure of
wounds was irrelevant to the '245 patent claims, is
"disingenuous" because wound healing is mentioned in the
specification of the '245 patent.  As was explained in the claim
construction order, the '245 patent shares a long and complex
specification section with a family of related patents that claim
a variety of other inventions.  For that reason, the
specification, confusingly, includes descriptions and information
about inventions that are not claimed by the '245 patent.
Therefore, despite references to wound healing in the '245
patent, HemCon has not persuaded the court that the newly-
discovered European patent is sufficiently pertinent to this case
to justify reopening discovery.

Conclusion

For the foregoing reasons, the defendant's motion for leave to file a reply (document no. 183) is granted.  The court has considered the reply.  The order denying the defendant's motion to reopen discovery stands.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 17,  2010

cc:  Julie M. Baher, Esquire
     Garet K. Galster, Esquire
     Daniel R. Johnson, Esquire
     Heather E. Krans, Esquire
     Joseph A. Kromholz, Esquire
     Lynda Q. Nguyen, Esquire
     Brian M. Poissant, Esquire
     Daniel D. Ryan, Esquire
     Ognian V. Shentov, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire

5