UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Marine Polymer Technologies, Inc.</u>

    v.                              Civil No. 06-cv-100-JD

<u>HemCon, Inc.</u>

<u>O R D E R</u>

HemCon, Inc. asks the court to "clarify" its order denying HemCon's motion for reconsideration of the order granting Marine Polymer Technologies, Inc.'s motion for summary judgment on literal infringement. HemCon contends that the court failed to address the "elution test" limitation in claims 12 and 20 of the '245 patent in determining that HemCon's products infringe those claims. Marine Polymer objects to the motion.

In its motion for summary judgment, Marine Polymer demonstrated that HemCon's accused bandage infringed each element of the asserted claims, including the elution test limitation in claims 12 and 20. Marine Polymer provided evidentiary support for its factual statement that the accused bandage met the elution test limitation. HemCon did not challenge Marine Polymer's evidentiary support or provide an opposing showing with record support. Therefore, HemCon is deemed to have admitted that its accused bandage meets the elution test limitation. <u>See</u> LR 7.2(b)(2).

In addition, although HemCon raised the elution test limitation issue in its motion for reconsideration, it did not make the same argument in its objection to summary judgment. Elution testing was mentioned in a footnote in HemCon's objection to Marine Polymer's motion for summary judgment in the section addressing detectable levels of protein. HemCon states in its memorandum, addressing protein: "The sworn and uncontradicted testimony of defense witness Simon McCarthy repeatedly makes this point [that the chitosan of the accused products contains protein]." Doc. 83, Page 13. Then, footnote 4 states: "An elution test cannot be performed on the HemCon® Bandage, because it is water soluble (unlike the material disclosed in the '245 Patent, which is water insoluble)." HemCon did not argue there, as it does now, that its product does not infringe claims 12 and 20 because of a lack of elution testing but instead relied on its theory that its products include protein.

As part of the discussion of anticipation of the '245 patent by the 3M TEGASORB dressing, HemCon stated in its objection that 3M had shown its dressing was "substantially equivalent to other commercially available hydrocolloid dressings" and in a footnote clarified that the "absorption characteristics" of the dressing prevented an elution test and "[l]ikewise, an elution test cannot be performed on the HemCon® Bandage, because it is water soluble

(unlike the material disclosed in the '245 Patent, which is water insoluble)." Page 31, n.7. Again, however, the elution test issue was not raised to counter infringement.

In a matter as complex as infringement of a patent claiming certain formulations of biocompatible poly-ß-1→4-N-acetylglucosamine and biocompatible poly-ß-1→4-glucosamine, claims, defenses, theories, and arguments must be articulated and be presented with proper support in order for them to be considered by the court. HemCon has not done so with its elution test defense to infringement. As in all cases, matters referred to in a perfunctory manner, such as a mere mention in a footnote, without developed argumentation are deemed to be waived. See Glacken v. Dickhaut, 585 F.3d 547, 551 (1st Cir. 2009); Romero v. Colegio de Abogados de P.R., 204 F.3d 291, 296 n.4 (1st Cir. 2000). In the patent context, "[i]f a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal . . . ." Fresenius USA, Inc. v. Baxter Int'l, Inc., 582 F.3d 1288, 1296 (Fed. Cir. 2009) (internal quotation marks omitted).

A motion for reconsideration is not a proper vehicle to raise a new theory that was not presented in opposition to summary judgment. See Crawford v. Clarke, 578 F.3d 39, 44 (1st

Cir. 2009). Therefore, HemCon's elution test theory was not properly raised in this court.

Even if the question of the elution test limitation had been properly raised, Marine Polymer has demonstrated that the issue lacks merit. HemCon now argues that its products are water soluble and, therefore, cannot be subjected to elution testing, which is a limitation in claims 12 and 20. Marine Polymer has shown, based on the testimony of HemCon's witness, Kevin Hawkins, and Marine Polymer's expert witness, Dr. Robert Langer, that the cytotoxicity test, used by Marine Polymer to prove infringement, and the elution test are the same or at least equivalent. Therefore, at best, HemCon's elution test theory would result in a conclusion that its products infringe claims 12 and 20 under the doctrine of equivalents, rather than literally. See Amgen Inc. v. F. Hoffman-LA Roche Ltd., 580 F.3d 1340, 1382 (Fed. Cir. 2009) (providing elements of infringement under the doctrine of equivalents).

At this late stage in the litigation, no purpose would be served by reversing summary judgment on literal infringement on claims 12 and 20 only to reinstate the judgment under the doctrine of equivalents. That result would be particularly unjust given HemCon's waiver of the elution test theory in the context of opposing summary judgment on literal infringement.

Therefore, even if considered on the merits, the elution test theory does not undermine summary judgment that HemCon's products are infringing.

## Conclusion

For the foregoing reasons, the defendant's motion for clarification (document no. 181) is granted to the extent that the order denying reconsideration is clarified as follows: the defendant waived the issue of the elution test limitation for purposes of determining infringement, and even if the issue had not been waived, the defendant's accused products meet that limitation.  The motion for clarification is otherwise denied.

SO ORDERED.

                                          /s/ Joseph A. DiClerico, Jr.
                                          Joseph A. DiClerico, Jr.
                                          United States District Judge

March 3, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire