UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

  v.          Civil No. 06-cv-100-JD

HemCon, Inc.


O R D E R

Marine Polymer Technologies, Inc. moves, in limine, to preclude Dr. Simon McCarthy from testifying as an expert witness at trial because he did not submit an expert report as required under Federal Rule of Civil Procedure 26(a)(2)(B).  HemCon, Inc. responds that Dr. McCarthy's testimony is not subject to the requirements of Rule 26(a)(2)(B).

Rule 26(a)(2)(B) requires a written report, unless otherwise ordered by the court or stipulated by the parties, from an expert witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Marine Polymer relies on cases from other districts and the Eleventh Circuit to argue that when an employee gives expert opinion testimony that is outside the scope of his employment, he should be required to

submit a written report.[1]  <u>See</u> <u>Prieto v. Malgor</u>, 361 F.3d 1313,
1318-19 (11th Cir. 2004); <u>McCulloch v. Hartford Life & Accident</u>
<u>Ins. Co.</u>, 223 F.R.D. 26, 28 (D. Conn. 2004); <u>Day v. Consol. Rail</u>
<u>Corp.</u>, 1996 WL 257654, at *1-3 (S.D.N.Y. May 15, 2996).  The
cases Marine Polymer cites, however, appear to confuse the
distinction between fact and expert witnesses with the
distinction drawn in Rule 26(a)(2)(B).[2]  In this district, the
report requirement under Rule 26(a)(2)(B) is applied only to
experts who are specially retained or who provide expert
testimony as a regular requirement of their employment.  <u>See</u>
<u>Adams v. J. Meyers Builders, Inc.</u>, 671 F. Supp. 2d 262, 268 n.7
(D.N.H. 2009); <u>Insight Tech., Inc. v. SureFire, LLC</u>, 2007 WL
3244092, at *6 (D.N.H. Nov. 1, 2007).

---

[1]The Second Circuit has not followed the cited decisions
from the Southern District of New York and the District of
Connecticut that Marine Polymer cites, raising a question as to
whether those cases remain good law.  <u>See</u> <u>Bank of China, New York</u>
<u>Branch v. NBM  LLC</u>, 359 F.3d 171, 182 n.13 (2d Cir. 2004); <u>see</u>
<u>also</u> <u>Bowling v. Hasbro, Inc.</u>, 2006 WL 2345941, at *1 n.1 (D.R.I.
Aug. 10, 2006).

[2]Courts are split on whether the report requirement of Rule
26(a)(2)(B) applies to an employee witness who will testify as an
expert on a subject that is outside his scope of employment.  <u>See</u>
<u>Phillip M. Adams & Assoc., L.L.C. v. Fujitsu, Ltd.</u>, 2010 WL
1064141, at *2-*3 (D. Utah March 22, 2010); <u>Greenhaw v. City of</u>
<u>Cedar Rapids</u>, 255 F.R.D. 484, 487-88 (N.D. Iowa 2009).

Therefore, Dr. Simon McCarthy, as an employee of HemCon whose regular duties do not include giving expert testimony, was not required to provide a report under Rule 26(a)(2)(B).  His failure to provide a report does not preclude his testimony.

<u>Conclusion</u>

For the foregoing reasons, Marine Polymer's motion to preclude expert testimony by Dr. Simon McCarthy (document no. 201) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 30, 2010

cc:  Julie M. Baher, Esquire
     Garet K. Galster, Esquire
     Daniel R. Johnson, Esquire
     Heather E. Krans, Esquire
     Joseph A. Kromholz, Esquire
     Lynda Q. Nguyen, Esquire
     Brian M. Poissant, Esquire
     Daniel D. Ryan, Esquire
     Ognian V. Shentov, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire

3