UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Marine Polymer Technologies, Inc.</u>

    v.                                         Civil No. 06-cv-100-JD

<u>HemCon, Inc.</u>


<u>Procedural Order</u>

     HemCon, Inc. moves, in limine, to preclude evidence of damages based on HemCon's sales to the United States Army. In support of its motion, HemCon contends that under 28 U.S.C. § 1498(a), this court lacks jurisdiction to consider claims for damages due to infringement by a product that was used or manufactured for the federal government and with the authorization or consent of the federal government. HemCon asks the court to rule, based on the evidence it has submitted, that § 1498(a) bars certain claims for damages in this case, making evidence of those damages irrelevant and unfairly prejudicial. Alternatively, HemCon asks that its defense under § 1498(a) be tried before the remaining damages issues.

     Marine Polymer objects to HemCon's motion. Marine Polymer contends that § 1498(a) is an affirmative defense and is not jurisdictional. <u>See</u> <u>Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis</u>. 583 F.3d 1371, 1375 (Fed. Cir. 2009); <u>Crater Corp. v. Lucent Techs., Inc.</u>, 423 F.3d 1260, 1264 (Fed.

Cir. 2005); Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1381-82 (Fed. Cir. 2002).  Marine Polymer argues that a motion in limine is not an appropriate vehicle for seeking a ruling on the merits of an affirmative defense and that as a motion for summary judgment on the defense, the motion is untimely.

In addition, Marine Polymer asserts that HemCon has waived its defense under § 1498(a) by failing to raise it in response to Marine Polymer's motion for summary judgment on infringement. See, e.g., Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1366-67 (Fed. Cir. 2003) (failure to raise affirmative defense to infringement in opposition to summary judgment on infringement results in waiver of defense); Diversey Lever, Inc. v. Ecolab, Inc., 191 F.3d 1350, 1353 (Fed. Cir. 1999) (same). Marine Polymer also asserts that HemCon failed to fully articulate the defense during discovery and failed to provide timely supplementation of its discovery responses and asks the court to impose a sanction precluding the defense.

HemCon has not responded to the issues raised by Marine Polymer in its objection.

## Conclusion

The final pretrial conference in this case is scheduled for Wednesday, April 7, and jury selection is scheduled for April 14, with evidence to begin on April 19, 2010. The issues raised in HemCon's motion in limine (document no. 219) and in Marine Polymer's objection (document no. 246) must be resolved before trial.

Therefore, HemCon shall file a response to Marine Polymer's objection **by 10:00 a.m. on Monday, April 5, 2010.**

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 1, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire