UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Marine Polymer Technologies, Inc.

   v.                                     Civil No. 06-cv-100-JD
                                               Opinion No. 2010 DNH 057

HemCon, Inc.

O R D E R

Marine Polymer Technologies, Inc. has filed two motions in limine addressing the testimony of HemCon, Inc.'s expert witness, Dr. John Michael Dornish. Marine Polymer asks that Dr. Dornish be precluded from testifying to the substance of the opinions first disclosed in supplementary declarations provided on March 8 and March 11, 2010. Marine Polymer also asks the court to limit Dr. Dornish's opinions on invalidity to those expressed in his expert report. HemCon objects to both motions.

A scheduling order issued in this case on June 28, 2006. Under the deadlines established in the order, the parties were required to disclose the identities of their experts by March 23, 2007, and to serve expert reports by May 4, 2007. Expert rebuttal reports were due by May 25, 2007.

The scheduling order set June 22, 2007, as the deadline for providing supplementation of expert reports: "Supplementations under Rule 26(e), Fed. R. Civ. P., due June 22, 2007." All

challenges to expert testimony were due on August 3, 2007.  On April 23, 2007, the court granted the parties' joint motion to extend the deadline for serving expert reports to May 25, 2007, and the deadline for rebuttal reports to June 15, 2007.  The other deadlines remained unchanged.

HemCon retained Dr. Dornish as its expert witness and provided his expert report, which is dated May 23, 2007, to Marine Polymer.  In his report, Dr. Dornish discusses bandages that HemCon developed, the manufacturing process for those bandages, chitan and chitosan, the meaning of terms used in the '245 patent, prior art pertaining to biocompatible chitosan, source materials for chitosan, and his opinions on the validity of the '245 patent.

On January 31, 2008, the court granted Marine Polymer's motion to exclude the testimony of HemCon's expert witness, John L. Alex, on the ground that HemCon had not shown that Alex was qualified, as required under Fed. R. Evid. 702, to testify to the disclosed opinions.  The court denied Marine Polymer's motion challenging Dr. Dornish's opinions.

After briefing and a <u>Markman</u> hearing, the court issued a claim construction order on May 6, 2008.  In the order, the court construed disputed claim terms, including an interpretation that the '245 patent claims did not include a source limitation,

rejecting interpretations offered by HemCon.  After the parties filed motions for summary judgment, the court ordered additional briefing on a claim construction issue that arose in the motions. The court addressed the parties' motions to strike all or part of witnesses' declarations filed in support of or in opposition to summary judgment and held that parts of Dr. Paul A. Sandford's declaration be struck because they expressed expert opinions when HemCon had not disclosed Sandford as an expert.

On July 9, 2009, the court issued its second claim construction order, concluding that the asserted claims of the '245 patent did not include a protein-free limitation.  HemCon's motion for summary judgment was denied the same day.  The court granted Marine Polymer's motion for summary judgment of literal infringement on October 27, 2009.  HemCon's motions for reconsideration, for a continuance, for additional discovery, and for clarification of the court's order denying reconsideration were all denied.

Jury selection is now scheduled for April 14, and evidence is to begin on April 19, 2010.  The final pretrial conference is set for April 7, and the deadline for pretrial filings was March 16, 2010.  HemCon served two declarations from Dr. Dornish, one on March 8 and the other on March 11, 2010, which supplemented Dr. Dornish's May 23, 2007, expert report.

I.  <u>Motion to Preclude Testimony Based on March, 2010, Declarations</u>

Marine Polymer contends that Dr. Dornish's recent declarations are both untimely and improper attempts to supplement his 2007 expert report.  HemCon responds that the declarations are timely supplements under Federal Rule of Civil Procedure 26(e), are timely within the context of the case, and that Marine Polymer was aware of the newly cited prior art references.

Dr. Dornish provided a declaration, dated March 8, 2010, in which he acknowledges the asserted claims in the '245 patent, the court's claim construction, and the court's ruling on March 4, 2010, on HemCon's motion to clarify.  Dr. Dornish states that in preparation for his declaration he reviewed a declaration of Dr. Sandford, dated August 31, 2008, and states that Dr. Sandford's declaration is based on his "personal experience and knowledge in a manner consistent with the opinions expressed in [Dr. Dornish's] report" and that he incorporates Dr. Sandford's opinions pertaining to the scope and content of prior art and the invalidity of claims in the '245 patent.  Dr. Dornish also cites additional materials he has reviewed, which he states bolster his

opinions about the scope and content of prior art and the invalidity of the asserted claims.

In his declaration dated March 11, 2010, Dr. Dornish discusses an article written by Dr. Sandford in 1991, an article by Malette published in 1986, an article by Balassa published in 1978, and an article by John Vournakis published in 1993. Dr. Dornish states that taking into account the articles he reviewed for his 2007 report, along with the additional articles and the court's claim construction, he continues to be of the opinion that the asserted claims of the '245 patent are invalid. He does not elaborate on the basis for his conclusion of invalidity.

A. Timeliness

"For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "<u>Unless the court orders otherwise</u>," supplementation under Rule 26(e)(2) must be made "at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B) (emphasis added). "Deadlines established by the court shall not be changed by agreement without court approval." LR 16.4(a).

In this case, pretrial disclosures were due on March 16, 2010, thirty days before trial. With respect to supplementation of expert reports, however, the court ordered as part of the scheduling order, that supplementation under Rule 26(e) was due on June 22, 2007.[1] Under Rule 26(a)(3)(B), the deadline ordered by the court supercedes that provided in the rule. Therefore, to the extent HemCon intended the new declarations provided by Dr. Dornish to supplement his 2007 report, they are untimely under the court's scheduling order.

To overcome its untimely supplementation, HemCon must show that the delay was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). HemCon suggests that the court's order issued on March 3, 2010, justifies its supplementation of Dr. Dornish's report. HemCon also contends that five of the six additional prior art references introduced by the new declarations were already known to Marine Polymer.

   1. Justification

HemCon states that Dr. Dornish's new declarations address the court's Markman ruling on March 3, 2010. In the March 3

---

[1] "[T]he pretrial disclosures required by Rule 26(a)(3) are usually otherwise directed by the court, because they are contained in the court's pretrial order." 6 Janes Wm. Moore, et al., Moore's Federal Practice § 26.131[2] (3d ed. 2009).

order, the court granted in part and denied in part HemCon's motion to "clarify" the court's prior order denying HemCon's motion for reconsideration of summary judgment on infringement. Nothing in the order construes a claim term or addresses claim construction. Instead, the court held that Hemcon was deemed to have admitted that its product met the elution test requirement and that HemCon waived the issue of the elution test requirement. In the alternative, the court stated that even if the elution test requirement had been properly raised, which it was not, the record evidence showed that HemCon's products at least met the requirement under the doctrine of equivalents through testing for cytotoxicity.

The court's alternative ruling that the record evidence equated an elution test with testing for cytotoxicity was not claim construction. The court did not construe "elution test," as used in the asserted claims of the '245 patent, to mean "cytotoxicity testing." Instead, the court concluded that for purposes of the infringement summary judgment motion and objection in this case, the record the parties presented showed that HemCon deemed the results of the testing to be at least equivalent. In contrast to that fact-based result, claim construction is a legal determination. <u>Markman v. West view Instruments, Inc.</u>, 517 U.S. 370 (1996). Therefore, the March 3

order was not a claim construction order and did not provide any grounds for supplementation of Dr. Dornish's report.[2]

2. <u>Harmless</u>

HemCon also argues that four of the five additional prior art references Dr. Dornish introduces through his recent declarations were known to an inventor listed on the '245 patent, Dr. Vournakis. Whether or not the new references were known to Vournakis or to Marine Polymer, Dr. Dornish's opinions based on the new references were not disclosed until just weeks before trial. Introducing new theories at this stage of the litigation is prejudicial. <u>See, e.g.</u>, <u>Pfizer Inc. v. Ivax Pharms., Inc.</u>, 2009 WL 2905454, at *5 (D.N.J. Sept. 9, 2009) (precluding expert's testimony on new items because opposing party had not had opportunity to depose expert on those matters); <u>Welch v. Eli Lilly & Co.</u>, 2009 WL 700199, at *4-*5 (S.D. Ind. March 16, 2009) (stating that Rule 26(e) does not give "a license to disregard discovery deadlines and to offer new opinions under the guise of the supplemental label" and that necessary discovery would cause further delay).

---

[2]To the extent the March 3 order suggested new theories to HemCon, that is not a basis for supplementing its expert's report within weeks of trial.

B.  Improper Supplementation

Marine Polymer also contends that the declarations are not proper supplementation of Dr. Dornish's expert report.  Marine Polymer challenges the declarations because they continue to rely on a rejected construction of claim terms, because they do not provide a claim-by-claim analysis addressing each limitation as is required to show anticipation, because Dr. Dornish has added opinions on obviousness and other matters that were not included in his 2007 report, and because Dr. Dornish attempts to incorporate Sandford's opinions and to bolster statements made in Sandford's declaration, part of which has been stricken.

All of the additional materials Dr. Dornish cites were available before he submitted his expert report in May of 2007. "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert report."  6 Moore's Federal Practice § 26.131[2]. Therefore, a supplemental report cannot include new opinions not expressed in the original report.  See Matthews v. Remington Arms Co., Inc., 2009 WL 1490691, at *1 (W.D. La. May 27, 2009) ("[A]n expert report that contains new opinions based on information available prior to the expiration of the expert report deadline is not supplemental.").

With respect to Dr. Dornish's effort to bolster and present parts of Dr. Sandford's declaration, that part of Dr. Dornish's declaration pertaining to what Dr. Sandford knew is not based on Dr. Dornish's personal knowledge and Dr. Dornish's vouching for Dr. Sandford's opinions is an improper attempt to incorporate the opinions of an undisclosed expert.[3]  See Dura Auto. Sys. of Ind. Inc. v. CTS Corp., 285 F.3d 609, 614 (7th Cir. 2002); Bouyques Telecom, S.A. v. Tekelec, 472 F. Supp. 2d 722, 728 (E.D.N.C. 2007); see also Insight Tech., Inc. v. SureFire, LLC, 2007 WL 3244092, at *8 (D.N.H. Nov. 1, 2007).  In addition, Dr. Dornish's opinions about Dr. Sandford were not part of his 2007 expert report.

C.  Declarations Rejected

Because Dr. Dornish's declarations submitted on March 8 and March 11, 2010, were untimely and are not proper supplementation under Rule 26(e), they cannot form the basis of Dr. Dornish's testimony at trial.

---

[3] As Marine Polymer pointed out, several of the statements in Dr. Sandford's declaration were struck by the court as expert opinions because Dr. Sandford was not disclosed as an expert.

10

II. <u>Motion to Limit Dr. Dornish's Testimony on Invalidity to the Opinions Disclosed in His Expert Report</u>

Marine Polymer moves to limit Dr. Dornish's testimony at trial to the opinions he disclosed in his 2007 expert report. HemCon contends that the rules do not limit Dr. Dornish's testimony to merely reading his expert report, and instead, he is permitted to supplement, elaborate upon, explain, and answer cross examination about his report. HemCon's response indicates that HemCon takes a broad view of the subject matter available for Dr. Dornish's testimony.

As is discussed above, Dr. Dornish will not be permitted to testify about matters disclosed in his declarations that were not disclosed in his 2007 report. Rule 26(a)(2)(B) requires disclosure of an expert report that provides all of the expert's opinions and the reasons and bases for them; the data or information considered by the expert; all exhibits that will be used to demonstrate the opinions; the witness's qualifications as an expert; a list of all cases in which the witness has testified in the past four years; and a statement of compensation. The information required under Rule 26(a)(2)(B) is necessary to avoid unfair surprise to the opposing party from an expert witness's testimony. <u>Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.</u>, 493 F.3d 160, 167 (D.C. Cir. 2007). Although the rule does not

11

limit an expert to reading his report, the expert cannot testify about matters that were not disclosed under Rule 26(a)(2)(B) unless the party offering the expert can meet the requirements of Federal Rule of Civil Procedure 37(c)(1). Id.; see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R., 248 F.3d 29, 35 (1st Cir. 2001).

Therefore, Dr. Dornish's testimony at trial is limited to the opinions and bases for those opinions that were disclosed in his 2007 report.

## Conclusion

For the foregoing reasons, Marine Polymer's motion to preclude Dr. Dornish from testifying based on his recently filed declarations (document no. 207) and motion to limit Dr. Dornish's testimony to the opinions expressed in his 2007 report (document no. 206) are granted.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

April 2, 2010

cc: Julie M. Baher, Esquire
  Garet K. Galster, Esquire
  Daniel R. Johnson, Esquire
  Heather E. Krans, Esquire
  Joseph A. Kromholz, Esquire
  Lynda Q. Nguyen, Esquire
  Brian M. Poissant, Esquire
  Daniel D. Ryan, Esquire
  Ognian V. Shentov, Esquire
  Jonathan M. Shirley, Esquire
  Daniel E. Will, Esquire
  Leigh S. Willey, Esquire