UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Marine Polymer Technologies, Inc.

   v.                            Civil No. 06-cv-100-JD
                                     Opinion No. 2010 DNH 060

HemCon, Inc.

O R D E R

Marine Polymer Technologies, Inc. moves in limine to preclude HemCon from introducing uncorroborated testimony on invalidity of the asserted '245 patent claims. HemCon agrees that a witness's testimony about invalidity must be corroborated but argues that Marine Polymer urges an overly restrictive standard for corroborating evidence. HemCon contends that the sufficiency of corroborating evidence must be assessed in the trial context.

Because patents are presumed to be valid, a party challenging validity must present clear and convincing evidence of invalidity. Hearing Components, Inc. v. Shure Inc., --- F.3d ---, 2010 WL 1236321, at *6 (Fed. Cir. Apr. 1, 2010). For that reason, testimony offered to invalidate a patent must be corroborated by other evidence. Finnigan Corp. v. Int'l Trade Comm'n, 180 F.3d 1354, 1369-70 (Fed. Cir. 1999). "Both physical evidence and oral testimony of a disinterested party can serve to

satisfy the corroboration requirement." TypeRight Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1159 (Fed. Cir. 2004). "Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the inventor's testimony has been corroborated." Sandt Tech. Ltd. v. Resco Metal & Plastics Corp., 264 F.3d 1344, 1350-51 (Fed. Cir. 2001). In addition, "circumstantial evidence about the inventive process" and "oral testimony of someone other than the alleged inventor" may corroborate testimony of invalidity. Id. at 1351. The sufficiency of corroborating evidence is decided under a "rule of reason" analysis, based on all of the pertinent evidence, that may be determined by the court in response to a pretrial challenge, see Martek Biosciences Corp. v. Nutrinova, Inc. 579 F.3d 1363, 1374-76 (Fed. Cir. 2009), or may be left for the jury, Adenta GmbH v. OrthoArm, Inc., 501 F.3d 1364, 1372 (Fed. Cir. 2007).

Marine Polymer does not directly challenge any evidence of invalidity as insufficient. By way of an example, Marine Polymer contends that HemCon should not be allowed to introduce the testimony of Dr. Paul Sandford, about a chitosan product manufactured by Protan Inc., in the absence of corroborating evidence. In response, HemCon agrees that evidence of invalidity must be corroborated and represents that its invalidity evidence

at trial will be corroborated by "reliable third party testimony, expert testimony, articles, treatises, and prior art patents."

Based on the applicable standard, all testimony pertaining to the invalidity of the '245 patent must be corroborated by sufficient evidence to meet the rule of reason standard. Marine Polymer has not shown that any particular evidence of invalidity that will be offered by HemCon is not sufficiently corroborated to be admissible. Therefore, the corroboration requirement cannot be applied in the context of the motion.

## Conclusion

For the foregoing reasons, Marine Polymer's motion to preclude uncorroborated testimony (document no. 202) is granted to the extent that testimony of invalidity presented at trial must be corroborated by other evidence.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 5, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire