UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Marine Polymer Technologies, Inc.</u>

    v.                                  Civil No. 06-cv-100-JD
                                        Opinion No. 2010 DNH 059

<u>HemCon, Inc.</u>


O R D E R

     Marine Polymer Technologies, Inc. moves to quash a trial subpoena issued by HemCon, Inc. that was served on Dr. John N. Vournakis.  Marine Polymer contends that the subpoena is defective and must be quashed because Dr. Vournakis does not live within 100 miles of the court and that attendance at trial would impose an undue burden on him.  HemCon objects to the motion to quash, arguing that Dr. Vournakis is subject to the subpoena because he is an officer of Marine Polymer and because HemCon has attempted to mitigate the burden of his appearing at trial.

     Generally, the court's subpoena power is limited to places that are within the District of New Hampshire, outside of the district but within 100 miles of the court, or authorized by court order based on a federal statute.  Fed. R. Civ. P. 45(b)(2).  Federal Rule of Civil Procedure 45(c)(3)(a)(ii) requires the court to quash or modify a subpoena if it would require "a person who is neither a party nor a party's officer to

travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."  In addition, the court must quash or modify a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).

The subpoena states that it was issued by this court and shows that it was served on Rita Fallon, a human resources representative, at Marine Polymer's principle place of business, 107 Water Street, Danvers, Massachusetts.  Danvers is within 100 miles of this court.  Marine Polymer does not appear to argue that the subpoena is defective under Rule 42(b)(2) or challenge service of the subpoena.

With respect to whether the subpoena must be quashed, pursuant to Rule 45(c)(3)(A)(ii), Marine Polymer has established that Dr. Vournakis is a resident of Charleston, South Carolina, and that he is a shareholder and vice president for research and development at Marine Polymer.  Dr. Vournakis has office space at Marine Polymer's headquarters in Danvers, Massachusetts; works in Danvers once a month; and works from Charleston, South Carolina the remainder of the time.  Sergio Finkielsztein, Marine Polymer's president and CEO, does not consider Dr. Vournakis to be an officer, and Dr. Vournakis is not listed as an officer of Marine Polymer in the annual report.  HemCon objects to the

motion to quash, arguing that Dr. Vournakis is an officer of Marine Polymer because he said so during his deposition and because Marine Polymer designated him to be deposed under Federal Rule of Civil Procedure 30(b)(6).

Rule 45(c)(3)(A)(ii) requires the court to quash a trial subpoena that would require the person to travel more than 100 miles from where he resides, is employed, or regularly conducts business, unless the person is "a party's officer."  See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 302-04 (S.D.N.Y. 2009).  HemCon contends that because Dr. Vournakis maintains an office at Marine Polymer's headquarters in Danvers, he regularly conducts business there. In addition, an argument could be made that Dr. Vournakis is employed in Danvers.  Marine Polymer has not addressed whether Marine Polymer's headquarters in Danvers is the place where Dr. Vournakis is employed or where he regularly conducts business, for purposes of Rule 45(c)(3)(A)(ii).

HemCon and Marine Polymer provide conflicting evidence as to whether Dr. Vournakis is an officer of Marine Polymer, and neither provides an analysis of what constitutes "a party's officer" for purposes of the rule.  HemCon contends that because Marine Polymer designated Dr. Vournakis to testify on behalf of the corporation under Federal Rule of Civil Procedure 30(b)(6),

Dr. Vournakis is deemed to be an officer of Marine Polymer. Because a witness who is designated to testify under Rule 30(b)(6) testifies on behalf of the party corporation, HemCon's theory is persuasive.  See, e.g., Square D. Co. v. Breakers Unlimited, Inc., 2009 WL 1702078, at *1-*2 (S.D. Ind. June 11, 2009).  Marine Polymer has not addressed Dr. Vournakis's status as its designated Rule 30(b)(6) witness.

Marine Polymer also contends that attendance at trial would impose an undue burden on Dr. Vournakis, which requires the court to quash the subpoena under Rule 45(c)(3)(A)(iv), because his wife is recovering from surgery and requires significant assistance from him.  Marine Polymer suggests that HemCon use the videotape of Dr. Vournakis's deposition taken in May of 2007 at trial.  In response, HemCon offers, among other things, to take a trial deposition of Dr. Vournakis, which presumably would not require him to be away from home for an unreasonable amount of time.  Marine Polymer has not responded to HemCon's offer.

On the record presented with its motion, Marine Polymer has not shown that Dr. Vournakis is protected by Rule 45(c)(3)(A)(ii) or that he would be unduly burdened by the alternative of a trial deposition.

## Conclusion

For the foregoing reasons, Marine Polymer's motion to quash the subpoena (document no. 218) is denied, without prejudice. If the motion is filed again, the court expects counsel to engage in a more thorough briefing of the facts and the law.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

April 5, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire