```
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE
```

Marine Polymer Technologies, Inc.

    v.                                    Civil No. 06-cv-100-JD
                                                        Opinion No. 2010 DNH 062

HemCon, Inc.

### O R D E R

As discussed at the final pretrial conference held on April 7, 2010, the jury trial will be bifurcated between the invalidity issues and proof of damages. The jury pool will be informed that the case involves claims of patent infringement, which have been resolved by rulings that certain of HemCon's products infringe Marine Polymer's patent. In the preliminary instructions, the procedural posture of the case will be further explained to the jury panel.

HemCon will proceed first and present its counterclaims and defenses of patent invalidity. After the jury reaches a verdict on invalidity, if one or more of the asserted claims remains valid, the same jury will hear evidence on damages. Marine Polymer Technologies, Inc. will proceed first in the damages phase of the trial. HemCon's counterclaim of inequitable conduct will be addressed by a motion for summary judgment, and if necessary, at a bench trial that will be held at a later time.

The parties have filed several motions in limine that raise issues related to the order of trial.  HemCon, Inc. moves to preclude evidence of infringement and damages during the invalidity phase of the trial.  Marine Polymer moves to preclude any jury instruction about the ramifications of the order of trial.  Marine Polymer also moves to separate the trial of inequitable conduct from the rest of the trial and to preclude evidence of inequitable conduct.

A.   HemCon's Motion to Preclude Evidence of Infringement and Damages from Invalidity Phase

HemCon contends that evidence of patent infringement and evidence of infringement damages are not relevant to the invalidity issues that will be tried in the first phase of the jury trial.  Marine Polymer contends that the jury should be informed, as part of the overview of the case, that certain of HemCon's products have been found to infringe Marine Polymer's patent with a limiting instruction that the determination of infringement should not affect the jury's consideration of the remaining issues.

As the court explained at the final pretrial conference, the jury will be given an overview of the case that will include a statement about the prior determination of infringement.  The

jury will also be informed that they may be asked to determine infringement damages. The parties appear to agree that evidence of infringement and of infringement damages is not relevant to the invalidity defenses except that evidence of commercial success of a product might be introduced in the context of invalidity based on obviousness.

Therefore, the jury will be informed of the infringement determination. The court will explain the issues of invalidity and damages that will be tried consecutively. Evidence that is not relevant to an issue of invalidity will not be admissible during the invalidity phase of the trial.

B.  <u>Marine Polymer's Motion in Limine to Preclude Comment on the Ramifications of Bifurcation</u>

As the trial is bifurcated, if the jury were to find that all of the asserted claims are invalid, the trial would end after the first phase without considering damages. Marine Polymer contends that the ramification of bifurcation is to suggest a "short cut" to the jury to find invalidity in order to avoid a longer trial. In other words, Marine Polymer is concerned that the jury might decide the validity issues based on convenience rather than evidence. To avoid that result, Marine Polymer asks the court to order HemCon not to suggest a short cut to the jury.

In response, HemCon agrees that the jury should not be given an instruction, implication, or suggestion about an easy way to shorten the trial. By way of an example of an improper instruction on a short cut, HemCon challenges Marine Polymer's proposed jury instruction that if an independent claim is valid, all of its dependent claims are also valid. HemCon contends that the proposed instruction both suggests a short cut and is incorrect under the law.

Without commenting on the challenged jury instruction, which raises an issue about inconsistent verdicts that is better addressed in the context of jury instructions, the parties agree that short cuts based on bifurcation should not be suggested to the jury. Therefore, no comment or suggestion shall be made that suggests finding invalidity as a means to shorten the trial.

C. <u>Marine Polymer's Motion to Preclude Evidence on Non-Jury Issues</u>

HemCon's counterclaim that the '245 patent is unenforceable due to inequitable conduct will be addressed by the court after the jury trial. Marine Polymer asks for an order precluding HemCon from introducing evidence of inequitable conduct during the jury trial. Marine Polymer also asks that all evidence,

statements, and discussion about a possible permanent injunction should be excluded from the jury trial.

In its objection to Marine Polymer's motion, HemCon primarily contests the proposal that inequitable conduct and the invalidity issues should be tried separately.  Bifurcation is now resolved.  No reference to inequitable conduct may be made during the jury trial.

HemCon agrees not to introduce evidence, statements, or argument about the possibility that Marine Polymer would seek a permanent injunction against HemCon and the effects of an injunction.  HemCon reserves the right to introduce such evidence in the event that Marine Polymer "opens the door" and for impeachment.

No evidence, comment, statements, or argument about inequitable conduct and the possibility of a permanent injunction will be allowed during the jury trial, absent prior notice to the opposing counsel and approval of the court.


D.   Marine Polymer's Motion for Bifurcation

Marine Polymer asks the court to bifurcate the case between a jury trial on damages and invalidity and a bench trial on inequitable conduct.  Along with bifurcation, Marine Polymer seeks to preclude HemCon from raising allegations of inequitable

conduct during the jury trial.  Marine Polymer also argues that HemCon's inequitable conduct counterclaim is without merit.

The court has established the order of trial, as is stated above.  The inequitable conduct counterclaim will not be considered at this time.  Instead, the issue will be addressed through summary judgment practice, and if necessary, a bench trial will be held to hear evidence of inequitable conduct.  The court will not address the merits of the counterclaim in the context of a motion in limine.


## Conclusion

For the foregoing reasons, HemCon's motion to preclude evidence of infringement and damages (document no. 190) is granted in part and denied in part as is more fully explained in this order.  Marine Polymer's motions to preclude instructing the jury on the ramifications of bifurcation (document no. 198), to preclude evidence on issues not for the jury (document no. 203),

and to bifurcate (document no. 220) are granted in part and denied in part as is provided in this order.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

April 8, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire