```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Marine Polymer Technologies, Inc.

   v.                              Civil No. 06-cv-100-JD
                                                   Opinion No. 2010 DNH 063

HemCon, Inc.


O R D E R

Marine Polymer Technologies, Inc. moves to preclude HemCon, Inc. from introducing into evidence prior art references, and testimony related to those references, that were first disclosed in HemCon's notice under 35 U.S.C. § 282 and that lack supporting expert opinion. HemCon objects to the motion, contending that its disclosure was timely under § 282, that Marine Polymer was not surprised by most of the references, that Marine Polymer's own tardy disclosures caused delay as to some of the references, and that its expert witness, Dr. Dornish, included an opinion in his 2007 report on one of the cited prior art references.

I.  Late Disclosure

Actions involving issues of patent invalidity due to obviousness, anticipation, or statutory bar rely, at least in part, on prior art as evidence of invalidity. See 35 U.S.C. § 102 & § 103. Parties asserting patent invalidity are required

>     to give notice in the pleadings or otherwise in writing
>     to the adverse party at least thirty days before the
>     trial, of the country, number, date, and name of the
>     patentee of any patent, the title date, and page
>     numbers of any publication to be relied upon as
>     anticipation of the patent in suit or, . . . as showing
>     the state of the art, and the name and address of any
>     person who may be relied upon as the prior inventor or
>     as having prior knowledge of or as having previously
>     used or offered for sale the invention of the patent in
>     suit.

35 U.S.C. § 282.  The notice requirement "'is to prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial.'"  ATD Corp. v. Lydall, Inc., 159 F.3d 534, 551 (Fed. Cir. 1998) (quoting Eaton Corp. v. Appliance Valves Corp., 790 F.2d 874, 879 (Fed. Cir. 1986)).  The thirty-day time limit for notice provided in § 282 is a minimum, however, which is subject to any other applicable deadlines imposed by the Federal Rules of Civil Procedure or the court.  Id.; see also Flexiteek Americas, Inc. v. Plasteak, Inc., 641 F. Supp. 2d 1297, 1313 (S.D. Fl. 2009); FLOE Int'l, Inc. v. Newmans' Mfg. Inc., 2005 WL 6218040, at *4-*5 (D. Minn. Nov. 9, 2005).

The scheduling order in this case set July 20, 2007, as the deadline for discovery.  In interrogatories dated March 23, 2007, Marine Polymer asked HemCon to identify "each item of prior art that HemCon contends invalidates any claim of the '245 Patent under 35 U.S.C. § 102 or § 103" and to describe the basis for

invalidity based on the asserted prior art.  Marine Polymer represents that HemCon responded to the interrogatory on April 23, 2007, and then supplemented its responses four times, the last on July 19, 2007.  Marine Polymer further represents that the supplements did not include thirty-eight of the prior art references that are listed in HemCon's § 282 notice.

Marine Polymer states that HemCon did not raise any of the new prior art references in support of its motion for summary judgment on invalidity filed in September of 2008.  HemCon served an additional supplemental interrogatory response on February 23, 2010, but did not include the thirty-eight new prior art references.  The new references were first disclosed on March 16, 2010, in HemCon's § 282 notice and in another supplemental interrogatory response.

HemCon does not dispute the chronology of events that Marine Polymer provided.  Instead, HemCon argues that the new prior art references disclosed in the § 282 notice did not surprise Marine Polymer because "at least some" were known to one of the inventors of the '245 patent, Dr. Vournakis; one is a prior patent application by Marine Polymer; and several of the prior art references were cited as prior art during prosecution of the '245 patent.  HemCon also contends that disclosure of fourteen of the new prior art references "was prompted by Plaintiff's own

3

failure to disclose a competing collagen bandage to HemCon until mid-December 2009." HemCon also attributes knowledge to Marine Polymer of some of the prior art because its employees were aware of the cited references.

After Marine Polymer propounded the interrogatory to HemCon asking HemCon to disclose each item of prior art that HemCon claimed invalidated a claim of the '245 patent under 35 U.S.C. § 102 and § 103 and HemCon provided an answer, HemCon was under a continuing obligation to supplement its answer "in a timely manner." Fed. R. Civ. P. 26(e). If a party fails to supplement its interrogatory answers as required by Rule 26(e), unless the failure was substantially justified or harmless, the party will not be permitted to use that information at trial. Fed. R. Civ. P. 37(c)(1).

The only justification HemCon provides for its last minute attempt to supplement its interrogatory answer is an assertion that fourteen of the new references were found in response to Marine Polymer's late disclosure of a competing product. HemCon does not explain the connection between the competing product and the fourteen new prior art references or why it then waited months to disclose the new prior art references. HemCon appears to argue that the late disclosure is harmless because Marine

Polymer already was aware of most of the newly-disclosed prior art references.

The purpose of requiring HemCon to supplement its discovery answer in a timely manner was to permit Marine Polymer to engage in discovery about the bases for HemCon's defenses and to prepare its response. See ATD Corp.. 149 F.3d at 550; see also Sheek v. Asia Badger, Inc., 235 F.3d 687, 693 (1st Cir. 2000). A showing that Marine Polymer was previously aware that the newly disclosed prior art references existed, without any indication that those references would be the bases for HemCon's invalidity defenses, was not enough. See ATD Corp., 159 F. 3d. at 550; Flexiteek, 641 F. Supp. 2d at 1313.

Because HemCon has not shown that it supplemented its interrogatory answer in a timely manner, as required by Rule 26(e), and also has not shown that its failure to do so was either substantially justified or harmless, under Rule 37(c)(1), the thirty-eight newly disclosed prior art references cannot be used at trial.

II. Admissibility

Marine Polymer asserts that HemCon cannot introduce at trial fifty-two prior art references that are listed in the § 282 notice, which includes the thirty-eight references discussed

5

above, because expert testimony is required to establish their relevance to the invalidity defenses.  Marine Polymer asserts that no expert witness has given an opinion about those references.  HemCon's only response to that part of Marine Polymer's motion is that Dr. Dornish relied on the prior art listed as reference number 25, Chitin and Chitosan: Sources, Chemistry, Biochemistry, Physical Properties and Applications, Skjak-Brak, et al. (1989), in his 2007 report.

    HemCon does not dispute that expert opinion testimony is necessary to explain how particular prior art supports its invalidity defenses under § 102 and § 103.  See, e.g., Enzo Biochem, Inc. v. Applera Corp., --- F.3d ---, 2010 WL 1135563, at *9 (Fed. Cir. March 26, 2010); Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd., --- F.3d ---, 2010 WL 1051154, at *7 (Fed. Cir. March 24, 2010).  In light of the technical and complex nature of the invention claimed by the '245 patent, prior art encompassing the same subject matter would be beyond the knowledge of jurors in the absence of expert opinion.  See Fed. R. Evid. 702.  Therefore, prior art is not admissible to show invalidity under § 102 or § 103 unless a qualified expert witness provides an opinion to explain the art and its relationship to the '245 patent.

HemCon does not provide a citation to where in the fifty-page report Dr. Dornish provided an opinion about the cited prior art reference.  The court will not ferret through the report to find the reference on HemCon's behalf.  In response to Marine Polymer's motion, HemCon bears the burden to show that the challenged evidence is admissible at trial.  See, e.g., Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 176-77 (1988).

At trial no prior art reference will be admitted into evidence for purposes of proving invalidity under § 102 or § 103 in the absence of an admissible expert opinion that provides an explanation of the meaning and relevance of the prior art to an invalidity defense.  Therefore, before HemCon introduces one of the prior art references that Marine Polymer challenges due to a lack of expert opinion, HemCon will notify opposing counsel and seek the court's approval to allow the evidence.


## Conclusion

For the foregoing reasons, Marine Polymer's motion in limine to preclude evidence of certain prior art references (document no. 267) is granted as follows.  The thirty-eight prior art references first disclosed in HemCon's § 282 notice and March 16, 2010, supplementary disclosure were not timely disclosed and are not admissible at trial.  The remaining prior art references that

Marine Polymer challenges for lack of expert opinion are not admissible absent prior notice to opposing counsel and approval of the court.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 8, 2010

cc:   Julie M. Baher, Esquire
      Garet K. Galster, Esquire
      Daniel R. Johnson, Esquire
      Heather E. Krans, Esquire
      Joseph A. Kromholz, Esquire
      Lynda Q. Nguyen, Esquire
      Brian M. Poissant, Esquire
      Daniel D. Ryan, Esquire
      Ognian V. Shentov, Esquire
      Jonathan M. Shirley, Esquire
      Daniel E. Will, Esquire
      Leigh S. Willey, Esquire