UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Marine Polymer Technologies, Inc.</u>

    v.                                Civil No. 06-cv-100-JD

<u>HemCon, Inc.</u>

<u>O R D E R</u>

On July 9, 2009, the court denied HemCon, Inc.'s motion for summary judgment on invalidity of the '245 patent. Included in the order were determinations that HemCon was not entitled to summary judgment on its defenses of lack of enablement and the unpatentability of a natural product. Marine Polymer Technologies, Inc. moved in limine to preclude HemCon from introducing evidence of the enablement and natural product defenses at trial on the theory that the court had granted judgment in Marine Polymer's favor on those defenses. The motion was denied. Marine Polymer now moves for clarification of the order denying its motion in limine.

Taking sentences from the order denying HemCon's motion for summary judgment and denying reconsideration out of context, Marine Polymer again argues that the court granted summary judgment in Marine Polymer's favor on the enablement and natural product defenses. As the court explained in the previous order, denying Marine Polymer's motion in limine, no affirmative relief

was granted to Marine Polymer on those defenses. Marine Polymer did not file a cross motion for summary judgment on HemCon's invalidity defenses.[1]

When considering a motion for summary judgment, the court resolves all reasonable inferences and all credibility issues in favor of the nonmoving party, which was Marine Polymer. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Therefore, the court could not and did not grant Marine Polymer affirmative relief on HemCon's enablement and natural product defenses by denying HemCon's motion for summary judgment. See, e.g., Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010) ("'It is not for the court on summary judgment to weigh the evidence but to determine whether there is a genuine issue for trial.'" quoting Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009)); Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) ("At summary judgment, the court's task is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal

---

[1] In its motion seeking clarification, Marine Polymer appears to argue for a decision on the merits of HemCon's enablement and natural product defenses. For example, in support of the motion for clarification, Marine Polymer asserts that the natural product defense is "meritless." A motion for clarification is not an appropriate vehicle for seeking a judgment in Marine Polymer's favor on HemCon's defenses.

quotation marks omitted).  See also Ford Motor Co. v. United States, 157 F.3d 849, 854 (Fed. Cir. 1998) ("[C]ourts do not make findings of fact on summary judgment.").

Because the sentences Marine Polymer cites are open to misinterpretation and have caused confusion in the case, the court will amend the order denying summary judgment, issued on July 9, 2009, to clarify the cited sections.  On page 16, the last sentence in the middle paragraph ("Therefore, because the specification . . . § 112.") is struck and replaced with:

> Therefore, a genuine issue remains for trial as to whether the specification enables the invention of the '245 patent, as required by § 112.

At the top of page 17, in the second paragraph after "HemCon's theory is unpersuasive," the following statement is added:

> HemCon has not shown, for purposes of summary judgment, that the '245 patent claims a natural product. Therefore, a genuine issue remains for trial as to whether the '245 is invalid because it claims a natural product.

As the amendments to the July 9, 2009, order should make clear, the court did not resolve the enablement and natural product defenses in the order denying summary judgment.  To the extent the order denying reconsideration could be interpreted to suggest a contrary conclusion, that interpretation is incorrect.

## Conclusion

For the foregoing reasons, Marine Polymer's motion for clarification (document no. 294) is denied.

The court's order, issued on July 9, 2009, (document no. 146) is amended on pages 16 and 17 as is more fully explained in this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 13, 2010

cc: Julie M. Baher, Esquire
    Garet K. Galster, Esquire
    Daniel R. Johnson, Esquire
    Heather E. Krans, Esquire
    Joseph A. Kromholz, Esquire
    Lynda Q. Nguyen, Esquire
    Brian M. Poissant, Esquire
    Daniel D. Ryan, Esquire
    Ognian V. Shentov, Esquire
    Jonathan M. Shirley, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire