UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

   v.                                          Civil No. 06-cv-100-JD
                                               Opinion No. 2010 DNH 073

HemCon, Inc.


## O R D E R

HemCon, Inc.'s defense based on inequitable conduct will be addressed by the court, based on the parties' filings for summary judgment. Before the trial on other invalidity issues and damages, Marine Polymer filed a motion in limine to preclude HemCon from pursuing new theories of inequitable conduct that Marine Polymer argues were not timely disclosed and were not properly pleaded. HemCon responds that its theories were disclosed after HemCon's counsel reviewed certain discovery from Marine Polymer, that the court has already ruled that its inventorship theory can be addressed, and that the pleadings are sufficient.

## I.  Prior Ruling

Marine Polymer moved in a separate motion in limine to prevent HemCon from raising an invalidity theory at trial pertaining to whether Sergio Finkielsztein was an inventor of the

subject matter claimed in the '245 patent.  In response to that motion, HemCon represented that it would confine its inventorship theories to the inequitable conduct defense, which would be addressed by the court after the trial.  The court agreed that the inventorship issue should be confined to the inequitable conduct defense.

In the previous order, which addressed a different motion, the court did not decide the issue Marine Polymer raises here, which is whether HemCon is barred from presenting theories that were not disclosed in a timely manner.  Therefore, the court's previous ruling did not resolve the issue raised in this motion.

II. Supplemental Disclosure

HemCon did not disclose the disputed inventorship theories or additional prior art references until it provided a Sixth Supplemental Response to Marine Polymer's interrogatories.  The Sixth Supplemental Response was served on Marine Polymer on March 16, 2010, the deadline for motions in limine and other pretrial filings.  Marine Polymer states that in its Sixth Supplemental Response, HemCon raised twenty-two new prior art references, alleged inequitable conduct by Dr. Vournakis, and alleged that evidence from the Vascular Solutions, Inc. v. Marine Polymer

Techs., Inc. case suggested that Sergio Finkielsztein was not an inventor of the subject matter of the '245 patent.

In response, HemCon contends that it discovered in early March of 2010, which would have been within days of the final pretrial deadline of March 16, 2010, that some of the footnotes were missing from an article written by Drs. Vournakis and Pariser in The Journal of Trauma, which Marine Polymer had produced years before during discovery. HemCon states that its "curiosity was piqued" by the discrepancy in the footnotes and that "a more scrutinizing analysis was undertaken." HemCon ordered a complete version of the footnoted article, which arrived on March 15, 2010. As a result of its analysis, HemCon discovered citations to other articles and patents which led to additional prior art references that HemCon had not discovered previously and to evidence of inequitable conduct by Finkielsztein and Vournakis.

HemCon attempts to attribute its late disclosure to Marine Polymer, based on the discrepancy in footnotes in The Journal of Trauma article produced by Marine Polymer in discovery. HemCon's position is not persuasive. HemCon does not deny that Marine Polymer produced the article during discovery years before HemCon noticed the footnote discrepancy. HemCon does not explain why it

waited until days before the final pretrial deadline to carefully review the discovery provided by Marine Polymer years earlier.

Based on these circumstances, HemCon's disclosure of new theories on March 16, 2010, was not made in a timely manner.  See Fed. R. Civ. P. 26(e)(1)(A).  Because HemCon does not show that the delay was harmless or substantially justified, the new theories based on the late disclosure are excluded.  Fed. R. Civ. P. 37(c)(1).

To the extent HemCon asserts that its inventorship theory pertaining to Sergio Finkielsztein arose from the Vascular Solutions case, it has neither demonstrated that to be true nor shown why it waited until March 16, 2010, to supplement with that theory.  Therefore, the inventorship theory is also excluded.

III.  Pleading

Given the rulings on the untimely disclosure of HemCon's new theories, the court need not address the sufficiency of HemCon's pleadings on those theories.

                                  Conclusion

    For the foregoing reasons, the plaintiff's motion in limine (document no. 279) is granted.  The defendant shall not raise any of the new theories of inequitable conduct that were first disclosed in its Sixth Supplemental Response.

    SO ORDERED.

                                         _____
                                         Joseph A. DiClerico, Jr.
                                         United States District Judge

April 29, 2010

cc:   Julie M. Baher, Esquire
      Garet K. Galster, Esquire
      Daniel R. Johnson, Esquire
      Heather E. Krans, Esquire
      Joseph A. Kromholz, Esquire
      Lynda Q. Nguyen, Esquire
      Brian M. Poissant, Esquire
      Daniel D. Ryan, Esquire
      Ognian V. Shentov, Esquire
      Jonathan M. Shirley, Esquire
      Daniel E. Will, Esquire
      Leigh S. Willey, Esquire