UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Marine Polymer Technologies, Inc.</u>


        v.                         Civil No. 06-cv-100-JD
                                   Opinion No. 2010 DNH 134

<u>HemCon, Inc.</u>


                        O R D E R

        Marine Polymer Technologies, Inc. accused HemCon, Inc. of
infringing United States Patent 6,864,245 ("the '245 patent"),
and summary judgment was entered in Marine Polymer's favor on
infringement.   The trial was bifurcated, and the jury considered
damages in the second phase.   The jury awarded Marine Polymer
$29,410,246 as a reasonable royalty for HemCon's infringement.
HemCon now moves for judgment as a matter of law ("JMOL") to
reduce the damages award or for a new trial on damages.   Marine
Polymer objects.


                   <u>Standard of Review</u>

        For procedural issues that are not unique to patent law, the
Federal Circuit applies the law of the applicable regional
circuit.   <u>i4i Ltd. P'ship v. Microsoft Corp.</u>, 598 F.3d 831, 841
(Fed. Cir. 2010).   Motions for JMOL, for remittitur, and for a
new trial are governed by the standard applied by the regional

circuit.  Id.; Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d
1301, 1309 (Fed. Cir. 2009); Shockley v. Arcan, Inc., 248 F.3d
1349, 1358 (Fed. Cir. 2001).  Therefore, the law of the First
Circuit pertaining to JMOL, remittitur, and a new trial governs
here.

In considering a post-verdict motion for JMOL, the court
views the evidence in the light most favorable to the nonmoving
party.  Costa-Urena v. Segarra, 590 F.3d 18, 26 (1st Cir. 2009).
"Under Rule 50, the standard for a trial judge to grant a JMOL is
whether the jury would not have 'a legally sufficient evidentiary
basis' for its verdict."  Jennings v. Jones, 587 F.3d 430, 436
(1st Cir. 2009) (quoting Rule 50(a)).  "[A] jury's verdict must
be upheld unless the facts and inferences, viewed in the light
most favorable to the verdict, point so strongly and
overwhelmingly in favor of the movant that a reasonable jury
could not have returned the verdict."  Astro-Med, Inc. v. Nihon
Kohden Am., Inc., 591 F.3d 1, 13 (1st Cir. 2009) (internal
quotation marks omitted).  When a party moves for remittitur, a
jury's verdict on damages stands unless the award was "grossly
excessive, inordinate, shocking to the conscience of the court,
or so high that it would be a denial of justice to permit it to
stand."  Id. (internal quotation marks omitted).

The grounds for granting a new trial are broader than the grounds for JMOL, encompassing any reason that was previously used to grant a new trial. Id. (citing Fed. R. Civ. P. 59(a)(1)(A)). A new trial may be granted when the verdict is against the weight of the evidence. Jennings, 587 F.3d at 436. In determining whether the verdict is against the weight of the evidence, the court may consider the credibility of the witnesses and weigh the evidence that was presented at trial. Id. The court cannot order a new trial merely because the court disagrees with the jury's verdict. Id.

## Discussion

HemCon argues that the jury's damages award of $29,410,246 was not based on substantial evidence and should be reduced by $26,666,713 to an award of $2,743,533. Alternatively, HemCon asks the court to order a new trial on damages. Marine Polymer objects and contends that the jury's damages award was amply supported by the evidence and is appropriate.

## A. JMOL and Remittitur

HemCon offers several theories in support of JMOL to reduce the damages award. HemCon first contends that Marine Polymer failed to present evidence at trial pertaining to a reasonable

royalty for its sales to the military.  HemCon also contends that Marine Polymer's expert witness failed to consider all of the factors applicable to a determination of a reasonable royalty, known as the <u>Georgia-Pacific</u> factors, which resulted in a flawed opinion about the royalty calculation.

At trial, Marine Polymer claimed damages measured by lost profits based on HemCon's sales of infringing products to the military and a reasonable royalty for HemCon's civilian sales. Alternatively, Marine Polymer claimed a reasonable royalty for all sales.  Marine Polymer presented evidence of damages through its President and CEO, Sergio Finkielsztein, and its expert witness, Dr. Christopher Vellturo.  Dr. Vellturo gave his opinion that Marine Polymer was entitled to lost profits of approximately $66,000,000 for HemCon's infringing sales to the military and to a reasonable royalty, of $1,500,000, calculated at thirty percent, for infringing civilian sales.  Alternatively, Dr. Vellturo calculated a reasonable royalty of thirty percent on all sales for a total of $29,410,246, which is the amount awarded by the jury.

HemCon presented evidence on damages through its expert witness, Dr. Mark E. Meitzen.  Dr. Meitzen gave his opinion that Marine Polymer was limited to damages based on a reasonable royalty.  He determined a reasonable royalty rate of two to four

4

percent on all infringing sales. Dr. Meitzen calculated the damages award based on royalty rates of two to four percent, using a tiered model where the percentage increased with the number of sales. The total amount of reasonable royalty damages, according to Dr. Meitzen, would be $2,767,589.

      1.  <u>Rate Applicable to Military Sales</u>

When the court denies a motion for JMOL made after the close of the evidence, the moving party may renew the motion after the jury's verdict and may also request a new trial. Fed. R. Civ. P. 50(b). "It is well-established that arguments not made in a motion for judgment as a matter of law under Rule 50(a) cannot then be advanced in a renewed motion for judgment as a matter of law." <u>Costa-Urena</u>, 590 F.3d at 26 n.4. Therefore, a motion for JMOL under Rule 50(b) is limited to the grounds raised in the motion under Rule 50(a). <u>Monteagudo v. Asociacion de Empleados del Estado Libre Asociado de P.R.</u>, 554 F.3d 164, 171 (1st Cir. 2009).

In its Rule 50(b) motion for JMOL, HemCon argues that Dr. Vellturo based his royalty analysis on civilian sales of HemCon's infringing products but then, improperly, applied the same royalty rate to military sales. As Marine Polymer points out, HemCon did not raise that theory in its Rule 50(a) motion for

JMOL at trial.  Therefore, the new theory cannot be considered here.

Even if HemCon had raised the theory at trial that civilian and military sales must be considered separately to determine a reasonable royalty for each, HemCon fails to show that the theory has merit.  In fact, HemCon's expert, Dr. Meitzen, also calculated damages based on a reasonable royalty for all sales, military and civilian, without distinguishing between them. HemCon explains in its reply that it actually does not object to one royalty rate for all sales but instead argues that particular factors unique to HemCon's military sales must be considered to determine the applicable rate.[1]  Once again, HemCon relies on a new argument that was raised too late.

2.  Georgia-Pacific Factors

Reasonable royalty damages can be calculated based on different approaches.  Lucent, 580 F.3d at 1324.  In this case,

---

[1]HemCon also argues that Dr. Vellturo specifically limited his reasonable royalty calculation to civilian sales so that it was improper to apply that rate to military sales.  HemCon is mistaken.  Marine Polymer's damages theory was that it was entitled to lost profits for the infringing military sales and a reasonable royalty for civilian sales but that, alternatively, it was entitled to at least a reasonable royalty for all sales.  Dr. Vellturo's opinions track Marine Polymer's theory, and he gave his opinion about a reasonable royalty for all infringing sales.

Marine Polymer proceeded under "the more common approach, called the hypothetical negotiation or the 'willing licensor-willing licensee' approach, [that] attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." Id. (citing Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

The hypothetical negotiation model often uses the Georgia-Pacific factors to estimate a reasonable royalty. Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc., --- F.3d ---, 2010 WL 2384958, at *9 (Fed. Cir. June 16, 2010); i4i Ltd. P'ship, 598 F.3d at 854; Minks v. Polaris Indus., Inc., 546 F.3d 1364, 1372 (Fed. Cir. 2008). The Georgia-Pacific factors, however, are not prioritized, often overlap in the context of a particular case, and do not all apply in every case. See ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 868-69 (Fed. Cir. 2010); State Contracting & Eng'g Corp. v. Condotte Am., Inc., 346 F.3d 1057, 1072 (Fed. Cir. 2003).

HemCon argues that Dr. Vellturo's opinion on a reasonable royalty was flawed because he did not consider all of the Georgia-Pacific factors in order. HemCon addresses all fifteen factors, in order, arguing that the factors, properly considered, favor Dr. Meitzen's opinion about a reasonable royalty. HemCon

also contends that Dr. Vellturo improperly analyzed the <u>Georgia-Pacific</u> factors that he did consider.

Dr. Vellturo testified that he considered all of the <u>Georgia-Pacific</u> factors but only testified in detail about those which he considered to be applicable.  Because a reasonable royalty calculation need not be based on all of the factors nor do the factors have to be considered in any particular order, HemCon's argument that Dr. Vellturo's opinions are improper lacks merit.  Although HemCon disagrees with Dr. Vellturo's analysis, taking the evidence in the light most favorable to the verdict, there was more than sufficient evidence to support the jury's decision.[2]

### 3.  <u>Calculation of the Award</u>

HemCon asserts that the damages award should be remitted as grossly excessive because it was improperly based on the entire market value of the HemCon bandage.  HemCon argues that Marine Polymer did not prove that the entire market value was the

---

[2]In its reply, HemCon argued that its evidence at trial showed certain results under several of the <u>Georgia-Pacific</u> factors "[c]ontrary to Marine Polymer's [a]ssertions."  For purposes of a post-trial motion for JMOL, however, it is the jury's verdict that is pertinent to the analysis.  The jury found in Marine Polymer's favor, and the court evaluates the evidence in the light most favorable to that verdict.

appropriate royalty base and did not provide evidence of financial or marketing dependence on the patented p-GlcNAc in the bandages.  Marine Polymer responds that it proved the market value approach at trial and that both Dr. Vellturo and Dr. Meitzen used the market value of HemCon's products to calculate the reasonable royalty awards.

Use of the entire market value of an infringing product to calculate a reasonable royalty award can be controversial, depending on the amount of the market value and the royalty rate. See Lucent, 580 F.3d at 1339.  When applicable, the rule allows an infringement damages award to be based on market value of the infringing product, which includes both infringing and noninfringing features.  DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1331 (Fed. Cir. 2009).  The entire market value rule is appropriate for calculating damages when the patent owner proves that the patent-related feature is the basis for customer demand.  Lucent, 580 F.3d at 1336; Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1361 (Fed. Cir. 2001).

A review of the trial transcript shows that Marine Polymer presented evidence pertaining to the importance of biocompatible p-GlcNAc in HemCon's products and its significance to market demand.  Marine Polymer's evidence showed that biocompatible p-GlcNAc provided the high quality hemostatic properties of

9

HemCon's bandages.  HemCon sought to undermine that evidence with testimony from Dr. Meitzen, but Dr. Meitzen lacked information to support HemCon's theory that its manufacturing process rather than the infringing p-GlcNAc component of its products fueled the demand for its products.[3]  The verdict form did not include a question about proof of the entire market value basis for a damages calculation.

The record supports the verdict, which found damages based on the entire market value of HemCon's infringing products.

4.  <u>Amount of the Award</u>

In the context of arguing that Dr. Vellturo did not properly address <u>Georgia-Pacific</u> factor fifteen, pertaining to a negotiated royalty amount, HemCon contends that it was improper to consider a royalty of thirty-four percent, which would not allow HemCon any profit.  To the extent HemCon intended to suggest that the verdict was grossly excessive or monstrous, that argument fails.  See <u>Monsanto Co. v. Ralph</u>, 382 F.3d 1374, 1383 (Fed. Cir. 2004) (stating that "a verdict which is grossly

---

[3]For example, when asked whether HemCon's products could work for their intended purpose without the infringing biocompatible p-GlcNAc component, Dr. Meitzen said:  "I really don't know.  Again, I have been led to believe that that might be possible, yes."

excessive or monstrous" will not be upheld).  Although an infringer's anticipated profit may be a consideration in determining a reasonable royalty, "the law does not require that an infringer be permitted to make a profit."  Id. at 1384.  In addition, the verdict was based on a royalty of thirty percent, not thirty-four percent.

Therefore, HemCon has not shown a basis to reduce the damages verdict.


B.  New Trial

As an alternative to a JMOL granting remittitur of the damages award, HemCon asserts that it is entitled to a new trial on damages because the jury's verdict was not based on substantial evidence.  HemCon did not present a separate argument in support of its request for a new trial.  A court will grant a new trial on damages only if the verdict is against the weight of the evidence.  Jennings, 587 F.3d at 436; see also Lucent, 580 F.3d 1301.

As is discussed above, the evidence at trial supports the jury's verdict.  Therefore, HemCon failed to provide a basis to grant a new trial on damages.

Conclusion

For the foregoing reasons, the defendant's motion for JMOL, remittitur, and a new trial (document no. 337) is denied.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

August 3, 2010

cc:  Julie M. Baher, Esquire
     Celine Jimenez Crowson, Esquire
     Garet K. Galster, Esquire
     Daniel R. Johnson, Esquire
     Heather E. Krans, Esquire
     Joseph A. Kromholz, Esquire
     Raymond A. Kurz, Esquire
     Lynda Q. Nguyen, Esquire
     Keith B. O'Doherty, Esquire
     Rebekah L. Osborn, Esquire
     Brian M. Poissant, Esquire
     Daniel D. Ryan, Esquire
     Ognian V. Shentov, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire