UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

    v.                                         Civil No. 06-cv-100-JD
                                                  Opinion No. 2010 DNH 138C

HemCon, Inc.


O R D E R

Marine Polymer Technologies, Inc., accused HemCon, Inc., of infringing United States Patent 6,864,245 ("the '245 patent"). Summary judgment was entered in favor of Marine Polymer with respect to literal infringement of patent claims 6, 7, 10-12, 17, and 20.  At trial, HemCon asserted that the infringed claims of the '245 patent were invalid due to anticipation and obviousness. The jury returned a verdict that HemCon had not proven anticipation, and made factual findings pertaining to obviousness.  HemCon now moves, pursuant to Federal Rule of Civil Procedure 50(a), for judgment as a matter of law ("JMOL") that it does not infringe the remaining claims of the patent, 1-5, 8, 9, 13-16, 18, 19, 21, and 22.  HemCon also moves, under Rule 50(a), for a JMOL dismissing Marine Polymer's claims for inducing and contributory infringement.

Background

Marine Polymer filed a complaint in March, 2006, accusing HemCon of "directly infringing, actively inducing infringement, and/or contributing to the infringement of the '245 patent." Compl., at ¶ 11. Marine Polymer did not specify any particular claims of the '245 patent, but rather alleged that HemCon infringed "the '245 patent." In its answer, HemCon denied the allegations and asserted several "counterclaims for declaratory judgment of patent invalidity and non-infringement." Answer, at 4-12. Listing each of the twenty-two claims three times in separately numbered paragraphs, HemCon requested a declaration that none of its products infringed any claim (Answer, ¶¶ 27-48), as well as a declaration that HemCon did not induce infringement of any claim (Answer, ¶¶ 49-70) or contributorily infringe any claim (Answer, ¶¶ 71-92).

In September, 2008, HemCon moved for summary judgment on the grounds of invalidity and non-infringement. In the portion related to non-infringement and in the conclusion, HemCon referred to "asserted claims 6, 7, 10-14, 17, and 20-22." Deft.'s Mot. for Sum. J., at 42, 52. HemCon argued that it was entitled to partial summary judgment with respect to claims 1-5, 8, 9, 15, 16, 18, and 19 because Marine Polymer's expert concluded that only the remaining claims were infringed, and thus

Marine Polymer admitted that the rest were not infringed.[1] Marine Polymer objected to the motion, pointing out that it was "free to assert some but not all claims of a patent during litigation," and that doing so was not tantamount to an admission of non-infringement.  Pl.'s Obj. to Sum. J., at 51.  In its reply, HemCon stated, "There is no dispute that Plaintiff has not asserted claims 1-5, 8, 9, 15, 16, 18, and 19 of the '245 patent."  Deft.'s Reply to Obj. to Sum. J., at 6.  It argued that, "[h]aving failed to litigate claims that were obviously at issue, Plaintiff is precluded from ever litigating said claims."  Id., at 7.  HemCon's motion was denied.

Marine Polymer filed a motion for partial summary judgment of literal infringement of claims 6, 7, 10-12, 17, and 20.  The motion was granted as to certain HemCon products.

In their pretrial submissions, both parties focused on claims 6, 7, 10-12, 17, and 20.  HemCon filed a motion in limine to preclude both parties from introducing any evidence or

---

[1] HemCon's argument centered on Marine Polymer's reply to an interrogatory asking, "For each claim of the '245 Patent that is asserted to be infringed, separately state the basis for your assertion that the Defendant's accused product is covered by that claim, and identify the person most knowledgeable about said assertion."  Deft.'s Mot. for Sum. J., at 48.  Marine Polymer responded by referring to the expert reports of Dr. Langer, which stated that HemCon's products infringed "at least claims 6, 7, 10-14, 17, and 20-22 of the '245 Patent."  Deft.'s Mot. for Sum. J., Exh. 33, at ¶ 53.

argument regarding infringement of the non-asserted claims. HemCon argued that such evidence was inadmissible because it was "irrelevant to th[e] remaining legal claims in this case." Deft.'s Mot., doc. no. 189, at 2. It stated that "Marine Polymer has waived their claim for infringement of the non-asserted claims" and that "all the infringement issues have been decided." Id., at 2-3. In response, Marine Polymer agreed that the non-asserted claims "are not part of the case" and confirmed that it did not intend to present any evidence or argument about those claims at trial. Pl.'s Response, doc. no. 244, at 2.

 HemCon filed a pretrial statement in which it explained that the court determined that HemCon infringed claims 6, 7, 10-12, 17, and 20. HemCon stated that its remaining contentions were that the asserted claims were invalid, that the '245 patent was unenforceable due to inequitable conduct, and that HemCon was not responsible for those sales authorized by the U.S. government. Deft.'s Pretrial St., at 2. The parties agreed both on the instructions to be given to the jury and the jury verdict form, neither of which required the jurors to make any findings regarding infringement or non-infringement.

 On February 3, 2010, the court held a telephone conference to discuss scheduling issues and mediation. During the conference, Marine Polymer's counsel stated that "the

infringement issues have all been decided already."  Conf. Trans., doc. no. 182, at 9.  HemCon's counsel responded, "[W]hile I don't necessarily agree on the conclusion on the infringement issue, I respect it."  Id., at 9-10.

Following the close of evidence in the first portion of the trial, directed to HemCon's invalidity defenses, HemCon moved for a judgment as a matter of law denying Marine Polymer's claims for infringement by inducement and contribution.  Tr. Trans., Day 6, at 49.  At the same time, HemCon also moved for a judgment as a matter of law that HemCon did not infringe the non-asserted claims.  Marine Polymer responded that the non-asserted claims "were removed from consideration and we're probably estopped from ever asserting infringement against [HemCon]."  Id. at 52.  The court did not rule on either motion, but rather allowed both parties to submit briefs.  Id., at 50, 53.

## Discussion

I.   Infringement of Unasserted Claims

HemCon moves for judgment as a matter of law that it does not infringe claims 1-5, 8, 9, 13-16, 18, 19, 21, and 22 ("the non-asserted claims") of Marine Polymer's '245 patent.  HemCon argues that it is entitled to such a judgment because those claims were never formally removed from the case, HemCon

5

counterclaimed that it did not infringe those claims, and Marine Polymer bore the burden of proof on infringement but did not present any evidence with respect to those claims at trial.

A.   Jurisdiction

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  A party seeking a declaratory judgment bears the burden of showing that the court has jurisdiction to issue such a judgment. Benitec Australia, Ltd. v. Nucleonic, Inc., 495 F.3d 1340, 1343 (Fed. Cir. 2007).  The party must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citing Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  The Supreme Court has required that "the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admit of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" MedImmune, 549 U.S. at 127 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)) (alteration omitted). Moreover, "an actual controversy must be extant at all stages of review." Benitec Australia, 495 F.3d at 1345 (citing Steffel v. Thompson, 415 U.S. 452, 459 (1974)).

In its two-page motion, HemCon did not raise the issue of jurisdiction. In its reply, responding to Marine Polymer's argument that the court lacks jurisdiction, HemCon suggests that the court has jurisdiction because Marine Polymer never affirmatively removed the non-asserted claims from the case.

Although Marine Polymer never formally removed the non-asserted claims from the case prior to HemCon filing its JMOL motion, by amending its complaint or otherwise, both parties agreed in their summary judgment filings that claims 1-5, 8, 9, 15, 16, 18, and 19 were not asserted. Once summary judgment was entered in favor of Marine Polymer in October, 2009, the asserted claims were further reduced to claims 6, 7, 10-12, 17, 20, and 22. HemCon made it clear that it believed Marine Polymer was precluded from raising the remainder of the claims, and Marine Polymer did not attempt to re-assert any of the non-asserted claims after that point. Furthermore, both at trial and in its

7

objection to HemCon's motion for JMOL on the non-asserted claims, Marine Polymer's counsel stated that it is "barred from using [the non-asserted] claims against HemCon's presently accused products in a future litigation." Pl.'s Opp. to Mot. for JMOL, at 1. Finally, in its surreply to the instant motion, Marine Polymer stated that it

> hereby unconditionally agrees not to sue defendant HemCon for past, present, or future infringement of claims 1-5, 8, 9, 13-16, 18, 19, 21, and 22 of U.S. Patent No. 6,864,245 based upon HemCon's making, using, offering to sell, selling within the United States, or importing into the United States, any of HemCon's products, as those products may exist today or have existed in the past.

Pl.'s Surreply to Mot. for JMOL, at 1-2.

HemCon has not shown the court that it has jurisdiction to issue a declaratory judgment on HemCon's counterclaims of non-infringement. Given that Marine Polymer has not, since October, 2009, asserted that HemCon infringed claims 1-5, 8, 9, 13-16, 18, 19, 21, and 22, and Marine Polymer has made it clear that it cannot and will not assert those claims against HemCon, there is no actual controversy between the parties with respect to those claims.

   B.   <u>Evidence</u>

Even if the court had jurisdiction to enter a declaratory

8

judgment that HemCon does not infringe the non-asserted claims of the '245 patent, it would not do so because of the insufficiency of evidence on the issue. Although Marine Polymer bears the burden of proving infringement, it chose, as of October, 2009, to narrow the issues to be presented to the court and to the jury by asserting only claims 6, 7, 10-12, 17, and 20. At that point, neither party adduced any further evidence of infringement or non-infringement of the non-asserted claims. HemCon moved in limine to preclude any such evidence at trial and said that it was irrelevant to the remaining issues in the case. HemCon also agreed that the jury would not decide any issue of infringement. At this stage of the litigation, after all remaining factual issues were presented to the jury, the court cannot determine, as a matter of law, that HemCon's products do not infringe the non-asserted claims.

II.  Inducing Infringement and Contributory Infringement

HemCon also moves for a JMOL dismissing Marine Polymer's claims of inducing and contributing to the infringement of the '245 patent, and granting HemCon's counterclaims that it did not induce infringement or contribute to the infringement of the '245 patent. HemCon's arguments and Marine Polymer's objections are substantially similar to those made in support of and against

HemCon's motion for JMOL of non-infringement, discussed above.

For the reasons discussed above, the court will not enter a declaratory judgment in HemCon's favor because HemCon has not satisfied the court that it has jurisdiction to do so, and because there is an insufficient evidentiary basis to do so.  The court will, however, construe HemCon's motion for dismissal of Marine Polymer's claims as one under Federal Rule of Civil Procedure 41(b).  Because Marine Polymer has not prosecuted its claims that HemCon induced infringement and contributed to the infringement of the '245 patent, those claims are dismissed with prejudice.

## Conclusion

For the foregoing reasons, HemCon's motion for judgment as a matter of law that it does not infringe the non-asserted claims (doc. no. 334) is denied.  HemCon's motion for judgment as a matter of law that it did not induce infringement or contributorily infringe (doc. no. 335) is granted in part and denied in part.  Marine Polymer's claims that HemCon induced infringement of the '245 patent and contributed to infringement of the '245 patent are dismissed with prejudice.

SO ORDERED.

                                                  /s/ Joseph A. DiClerico, Jr.
                                                  Joseph A. DiClerico, Jr.
                                                  United States District Judge

August 6, 2010

cc:   Julie M. Baher, Esquire
      Celine Jimenez Crowson, Esquire
      Garet K. Galster, Esquire
      Daniel R. Johnson, Esquire
      Heather E. Krans, Esquire
      Joseph A. Kromholz, Esquire
      Raymond A. Kurz, Esquire
      Keith B. O'Doherty, Esquire
      Rebekah L. Osborn, Esquire
      Lynda Q. Nguyen, Esquire
      Brian M. Poissant, Esquire
      Daniel D. Ryan, Esquire
      Ognian V. Shentov, Esquire
      Jonathan M. Shirley, Esquire
      Daniel E. Will, Esquire
      Leigh S. Willey, Esquire