UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Marine Polymer Technologies, Inc.

     v.                                Civil No. 06-cv-100-JD

HemCon, Inc.


O R D E R

Following a jury verdict and court rulings in its favor on its patent infringement claims against HemCon, Inc., Marine Polymer Technologies, Inc. moved for a permanent injunction against HemCon.  HemCon filed a motion to stay the injunction pending appeal.  In response to Marine Polymer's objection to the motion to stay, HemCon filed a reply in which it raised new theories to show its likelihood of success on appeal.  Marine Polymer moves to strike the new theories raised for the first time in HemCon's reply, or alternatively, designates its motion as notice of its intent to move for leave to file a surreply.

Issues raised for the first time in a reply are deemed to be waived.  See, e.g., Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgt. Council, 589 F.3d 458, 474 n.14 (1st Cir. 2009); United States v. Vanvliet, 542 F.3d 259, 265 n.3 (1st Cir. 2008); Monsanto Co. v. Bayer Bioscience N.V., 514 F.3d 1229, 1240 n.16 (Fed. Cir. 2008); Hanna v. Sec'y of the Army, 513 F.3d 4, 16 (1st Cir. 2008).  Therefore, in deciding HemCon's motion for a stay,

the court will not consider new issues and theories first advanced in HemCon's reply.

The court finds no authority, however, to strike the reply or any new issues or theories in the reply.  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a <u>pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.)  HemCon's reply is not a pleading and, therefore, is not subject to Rule 12(f).  <u>See, e.g.</u>, <u>Information Sciences Corp. v. United States</u>, 86 Fed. Cl. 269, 276 n.1 (Fed. Cl. 2009) (treating motion to strike as responsive filing); <u>Valderrama v. Honeywell TSI Aerospace Servs.</u>, 2010 WL 2802132, at *4-*5 (W. D. Md. July 14, 2010); <u>Dartmouth Hitchcock Med. Ctr. v. Cross Country Travcorps, Inc.</u>. 2009 WL 4738192, at *1 (D.N.H. Dec. 4, 2009).

Marine Polymer asked, in the alternative, that the motion be considered as notice of its intent to move for leave to file a surreply.  Marine Polymer also filed an assented-to motion for leave to file a surreply.  Leave is granted to file a surreply to HemCon's motion to stay a permanent injunction.

2

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to strike (document no. 413) is denied.  The plaintiff's assented-to motion for leave to file a surreply (document no. 427) is granted.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2010

cc:  Julie M. Baher, Esquire
     Celine Jimenez Crowson, Esquire
     Garet K. Galster, Esquire
     Daniel R. Johnson, Esquire
     Heather E. Krans, Esquire
     Joseph A. Kromholz, Esquire
     Raymond A. Kurz, Esquire
     Elizabeth Maher Leonard, Esquire
     Lynda Q. Nguyen, Esquire
     Keith B. O'Doherty, Esquire
     Rebekah L. Osborn, Esquire
     Brian M. Poissant, Esquire
     Daniel D. Ryan, Esquire
     Ognian V. Shentov, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire

3